UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10160-WGY

UNITED STATES OF AMERICA

v.

JUAN ROSARIO, GEORGE MONTILLA,
LUIS CASTRO, RAMON VILLA,
ANSELMO DOMINGUEZ, and CESAR MIRANDA

## ORDER ON MOTION FOR LEAVE TO WITHDRAW

June 17, 2004

DEIN, M.J.

Attorney Michael F. Natola, court-appointed counsel, has moved for leave to withdraw as counsel for Ramon Villa on the grounds that his law partner, Attorney John C. McBride, was subsequently retained privately by co-defendant Anselmo Dominguez, and that an inherent conflict precludes both of them from remaining in the case.  Based on the reasons stated during the hearings held on June 9 and 14, 2004, Mr. Natola's repeated representations that he has not, as of this date, had any substantive communications with his client about the crimes charged, and this court's concern about having counsel continue in a case in which he has expressed such a strong desire to withdraw, the motion to withdraw is allowed and new counsel will be appointed forthwith.

Nevertheless, both counsel are reminded that they cannot simply ignore potential conflicts in taking on new clients no matter how busy they may be.  Both

counsel have represented to this court that, in this case, it would be inappropriate for one lawyer, or one firm, to represent the two defendants.  See Mass. R. Prof. Conduct 1.7(b), 1.10(a).  Firms are obligated to "adopt reasonable procedures, appropriate for the size and type of firm and practice, to determine . . . the parties and issues involved and to determine whether there are actual or potential conflicts of interest."  Mass. R. Prof. Conduct 1.7 at comment 1.  This is especially true in criminal cases since "the potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one codefendant[.]"  Id. at comment 7; accord Commonwealth v. Geraway, 364 Mass. 168, 175, 301 N.E.2d 814, 818 (1973) (new trial ordered due to firm's representation of defendant and witnesses even though attorney did not know of conflict and there was strong evidence of the defendant's guilt; court stresses "the necessity of the institution by counsel of adequate checking arrangement to prevent" a similar situation from arising); Commonwealth v. Colon, 408 Mass. 419, 429-31 & n.5, 558 N.E.2d 974, 982 & n.5 (1990) (defense counsel properly disqualified based on intra-firm conflict; court reiterates the need for adequate checking arrangements).  Mr. McBride's failure to ascertain that his partner was representing another defendant in the same case is not an excuse for allowing this situation to arise.

   Moreover, the firm's decision to drop its existing client "like the proverbial 'hot potato'" is not the appropriate way to circumvent the dual representation

problem caused by accepting the second defendant as a client.  Ferguson Elec. Co., Inc. v. Suffolk Constr. Co., Inc., 96-5885-E, 1998 WL 140101, at *3-4 (Mass. Super. Ct. March 20, 1998) (Lauriat, J.) (counsel disqualified under both Connecticut and Massachusetts Rules of Professional Conduct even though he "immediately and unilaterally terminated his existing attorney-client relationship" in order to represent another party in a suit against his former client).  The bottom line is that Mr. McBride "should have declined to represent" Mr. Dominguez when he was contacted.  Id. at * 3.

In view of Mr. Dominguez' expressed desire to have Mr. McBride as his counsel, this court will allow Mr. McBride to remain in this case.  However, this court is very troubled by the fact that this conflict was allowed to arise and the manner in which the firm chose to resolve it.  This order is being issued so that this same situation does not arise again in the future.

/s/ Judith Gail Dein

———————————————
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE